Opinion by
 

 Hirt, J.,
 

 In ejectment the jury at the direction of the court found in favor of plaintiffs for the land described in the writ. The refusal of judgment for defendant n.o.v. raises the questions in this appeal.
 

 Plaintiffs and defendant are the owners of lots in the Borough of South Fork. Plaintiffs’ land is a corner lot fronting 47 feet along the west side of Main Street, with a uniform depth westwardly of 75 feet, along the north line of Argyle Street; defendant’s lot with a frontage of 45 feet adjoins it on the north. There is no overlapping in the courses and distances of the descriptions of the two deeds. As early as 1903 there were, buildings on the lot now owned by defendant which extended over defendant’s south line, as located in its record title, and encroached upon the lot described in plaintiffs’ deed, occupying a strip 9% by 45% feet, which is the land in controversy. These buildings were still on the land when the case was tried.
 

 At the trial, defendant relied upon adverse possession for its title to the disputed land. But no title by possession has been established. The evidence shows no more than possession of the land, including the building on the strip in: question, in three groups of individuals in succession, with a period of possession in each of less
 
 *145
 
 than 21 years. Joseph P. Wilson et al. grantees, in a conveyance from the original owner of the tract, of a lot 45 feet on Main Street (beginning 47 feet north of Argyle Street) and 128 feet deep, occupied the building on the disputed strip from 1903 until 1920; Forks Cooperative Association then went into possession under a conveyance to it and continued until July 7, 1925, when defendant bought the land. Defendant has been in possession only since the date of its deed.
 

 The insurmountable difficulty confronting defendant is the fact that neither in the deed from Wilson et al. to Forks Cooperative Association, nor in the deed from the latter’s trustee in bankruptcy to defendant, is there any conveyance of rights acquired by the grantor by possession of the land in dispute. All of the deeds in defendant’s chain of title convey a lot of a maximum width of but 45 feet. The defendant has been in possession for but 16 years and could establish title, by adverse possession for the statutory period, only by tacking his possession to that of former owners. It is the rule that
 
 “a
 
 succession may be kept up by tacking possessions ; but each succeeding occupant must show title under his predecessor, so as to preserve a unity of possession” :
 
 Schrack v. Zubler,
 
 34 Pa. 38. This principle defeats defendant’s claim of title by adverse possession. To apply the language of the opinion in that case to this appeal: defendant could claim the possession of Wilson and of Forks Cooperative Association as enuring to its use only “by virtue of some conveyance of it, which we have seen [it] has not. The want of this essential in the continuity of possession, renders unnecessary any further notice of what was said in regard to the statute of limitations.” In a second appeal of the same case Mr. Justice Thompson said : “We endeavored to show, what was perhaps a work of supererogation, that an adverse possession begun and continued for a time, in order to be available to a successor, must be transferred to such successor in some lawful manner.
 
 *146
 
 This is as true as that property can only be rightfully acquired with the assent of its owner, or vested by operation of law. As therefore an adverse possession of an occupier, although not ripened into a complete title, is a step towards title, and is property, like property it must be transmitted, so as to vest in a successor a right to that which had been gained by such occupation.”
 
 Zubler v. Schrack,
 
 46 Pa. 67. See also
 
 Shaffer v. Lauria,
 
 50 Pa. Superior Ct. 135, which, in a situation involving the same principles, is to the same effect. In the absence of conveyances by the former possessors of inchoate interests, which may have been acquired by possession, it must be assumed that they occupied the disputed strip of land either permissively, or that they had abandoned every intention of an adverse holding before conveyance.
 
 Zubler v. Schrack,
 
 supra.
 

 Defendant further contends that the reference to an adjoiner in the description in plaintiffs’ deed and in the deeds of their predecessors, locates plaintiffs’ north line
 
 9y2
 
 feet south of that which otherwise is established by the courses and distances of the deed, and that it, therefore, has title to the disputed strip. In all of the deeds upon which plaintiffs rely, the north line of the lot conveyed is referred to as the south line of South Fork Supply Co. This was the firm name of the individual owners of the north lot whose occupancy of the encroaching building began prior to 1903. However, the description in the deed accepted by defendant, on the purchase of the lot in 1925, recites that the place of beginning of the land conveyed is “at a post on the westerly side of Main Street which is
 
 forty-sewn feet
 
 from a post at the northwesterly corner of Main Street and Argyle Street in the said borough;
 
 thence by lot of Guy Masters
 
 [a plaintiff] ......west seventy-five feet to a post......” (Italics supplied.) One claiming under a deed is bound by the recognition of title in another which is contained in it.
 
 Olwine v. Holman,
 
 23 Pa. 279. The significance of the defendant’s acceptance of this
 
 *147
 
 deed is the acknowledgment of the location of plaintiffs’ north line as running westerly from a point 47 feet north of the corner of Main and Argyle Streets. If plaintiffs’ land extends only to the disputed strip, the distance from Argyle Street would be but 38% feet. Acknowledgments of title are conclusive evidence of holding by permission.
 
 Miller v.
 
 Keene, 5 W. 348. Since defendant, by the acceptance of a deed containing a description which recognized that the boundary line between the two lots is 47 feet from Argyle Street, the rule that courses and distances in a deed must give way to ad joiners corresponding to its calls
 
 (Detwiler v. Coldren,
 
 101 Pa. Superior Ct. 189) does not apply.
 

 Judgment affirmed.