## Dubin v. Mogil et ux.

*Simon Lenson*, for plaintiff.
*Ned Stein*, for defendants.

MacNeille, P. J., March 20, 1946.—Plaintiff by his bill seeks an injunction to restrain defendants Jacob Mogil and Sarah Mogil, his wife, from maintaining a barricade across an alleyway on defendants' own side of the party wall which divides plaintiff's property, 704 South 4th Street, from the defendants' property, 706 South 4th Street.

There is no allegation that there was ever a grant in the chain of title giving the use of the alley to plaintiff or his predecessors, but plaintiff avers that

he has acquired a prescriptive right to the use of the alley because of open, continuous, notorious and adverse user by him and his predecessors in title for a period in excess of 21 years in which he and they used the said alley as and for a common passageway, watercourse, etc.

Defendants, by answer, say that the alley is wholly upon defendants' property, and that there has not been any adverse, open and notorious user for a period of upwards of 21 years.

Defendants admit that on or about November 16, 1945, they erected a barricade to prevent access to the alleyway.

### Findings of fact

1. Abe Dubin is the owner of premises 704 South Fourth Street, Philadelphia, having received title on October 11, 1933, and Jacob Mogil and Sarah Mogil are the owners of premises 706 South Fourth Street, Philadelphia, having received title on November 10, 1945.

2. A three-foot alley located between the premises 704 and 706 South Fourth Street, Philadelphia, is completely on the premises of 706 South Fourth Street and is part of the description thereto.

3. The said alley was used by the tenant of 704 South Fourth Street prior to October 11, 1933, by reason of permission granted by the owner, Mr. Fogel, of the alley and premises 706 South Fourth Street.

4. Plaintiff had no grant to the use of the alley from any predecessor in title.

5. Defendants have erected a barricade at the front of the alley.

### Discussion

At the trial Abe Dubin, plaintiff, testified that he resides at 704 South Fourth Street in the City of Philadelphia, where he conducts a dry goods store, and that he became owner thereof by deed dated October 11,

1933. He has lived in the vicinity of 704 South Fourth Street since 1915, and testified that in 1915 the alleyway was being used by a Mr. Sabolsky, who was then residing in 704 South Fourth Street; that Sabolsky was conducting a retail fish store in 704 and that Sabolsky continued to make use of the alley until 1930. Mr. Dubin testified that the depth of the brick work of the alley was approximately 35 feet, which is also the length of the party wall, and at the rear end of the party wall there is a fence which continues on line with the party wall dividing 704 from 706 South Fourth Street; that immediately adjoining the brick work there is a gate in the fence, which gate opens from the 704 property. The step down to the alley level from the plaintiff's yard at the gate is 16 inches. The gate is about 31 inches wide, but opens into a narrow side yard with a width of only 19 inches from the fence to the wall of a kitchen on 704, plaintiff's property, so that it is impossible to open the 31-inch-wide gate to its full extent.

Plaintiff, Dubin, testified that after he purchased the property at 704 South Fourth Street in 1933 he made use of the alley and that his wife used it for the purpose of carrying out garbage and other things.

Plaintiff admitted that the alleyway was entirely on the lot of 706, and that above the first floor the property at 706 is built over the alley and is supported on the party wall between 704 and 706.

Three witnesses called by the plaintiff—Morris Rutberg, Yetta Avart and Sam Kurtzman—all testified that they had seen a number of persons using the alley during a period of upwards of 21 years during which time each of the witnesses lived in the vicinity, and they mainly identified the users as the present owner of 704, Mr. Dubin, plaintiff herein, and Sabolsky, who lived in the premises 704 South Fourth Street for many years before Mr. Dubin lived there.

In addition to these, plaintiff produced as a witness Jacob Bortnick, of 705 South Fourth Street, where he had lived for 17 years, and who for 18 years before had lived at Fourth and Bainbridge Streets. He testified that he had observed the alley over a period of 35 years. He said that he had seen people once in a while walk in and out; that he had seen Dubin use the alley, and he had seen Mr. Sabolsky use the alley. In effect he said the only persons whom he could name as having used the alley were Mr. Dubin and Mr. Sabolsky.

Mr. Saul Grosflam, of 713 South Fourth Street, where he said he had lived for 17 years and that before that he lived at 710 South Fourth Street for 10 years, testified it was used by Mr. Dubin and Mr. Sabolsky.

Defendants' witness, Mr. Joseph Sabel, testified that his right name is Joseph Sabolsky, and that he is the son of the Mr. Sabolsky referred to as having maintained adverse user preceding Mr. Dubin. His father has been deceased for some years.

He testified that he had lived with his father at 704 South Fourth Street during the years that his father occupied those premises, until his own marriage in July 1915, and that thereafter he was present at the premises practically every day until his father's family removed. He knew Mr. Fogel, who during that time was the owner of 706 South Fourth Street. He testified that his father was in the fish business at 704, and as for his father's use of the alley he testified as follows:

"The only time we used the alley is the time we had to take out—the time we used the alley, the time we took out like odds and ends from the alleyway; because they had a high step, and we never could have blocked the alleyway, because Mr. Fogel had tenants upstairs, and he just forbid my father to use it, understand, because that alley was in, it was his property, and, see, we only used that alley like to take things out from the alley for the street."

Further examination of this witness is as follows:

"Q. Do you know whether or not this use was a result of any arrangement with Mr. Fogel or not?

A. Yes, sir.

Q. Do you know of your own knowledge what the arrangement was between your father and Mr. Fogel?

A. Just as a friendly, neighborly. He couldn't put anything in the alley, because he had to have that because that was the entrance of his house.

Q. So that Mr. Fogel allowed your father to use the alley only for the purpose of bringing this fish out?

A. That's all. He didn't have no fish in the yard at all. We had fish in the store. And the only place we had was—there was no entrance of any kind connecting 706 with 704. We had a gate, understand, on both sides, and nobody had the privilege of walking in through our yard from one to another. There is no one ever walked in there.

Q. That was not a public alley all the way through?

A. No, absolutely not.

.    .    .    .    .    .    .    .

Q. And this use that your father made of the alley, was with the approval of Mr. Fogel?

A. Absolutely."

His further testimony on page 58 is that his father used the alley only with the consent of the owner of 706, and then for restricted purposes, and that he did not observe anybody other than his father and the tenants of 706 making use of that alley. He was unable to testify as to the use of the alley since 1933.

Plaintiff contends that his testimony showing that Mr. Dubin and Mr. Sabolsky and others used the alley raises a presumption that it was such open, notorious, adverse and continuous user of the alley as a passageway that the owner of 706 was put on notice and neglected to object to such use for 21 years and upwards preceding the bringing of the present bill in equity.

This may be true in the absence of any explanatory evidence but the 21-year period of adverse user cannot be made up without considering the period in which the alley was used by Sabolsky, and as to him we feel that the presumption that his user was adverse was entirely overcome by the testimony of his son which clearly establishes that such use as Sabolsky made was with the consent of the owner of 706 and in no way adverse to the rights of the owner of 706 South Fourth Street.

Mr. Sabel, or Mr. Sabolsky, son of the Sabolsky referred to by the witnesses, impressed the court by his manner of testifying, and we feel that by reason of the fact that he was present practically all the time that his father was a tenant at 704 South Fourth Street, and that he worked with the father in the father's business, he knew better than anyone else could know what arrangements existed between his father and the owner of 706.

There is nothing in the testimony of plaintiff's witnesses which could be construed as a contradiction of this evidence of the witness Sabolsky. What they saw take place during the period of Mr. Sabolsky's tenancy of 704 South Fourth Street is not inconsistent with the testimony of his son that the use of the alley was a result of the consent of the owner of 706.

We are convinced by the evidence that Mr. Sabolsky's use of the alley was with the consent of the owner of 706 South Fourth Street. But, even if we concede that Mr. Sabolsky's use was adverse, open, notorious, and continuous, we are faced with the fact that plaintiff Dubin never had the grant to the use. He accepted a deed which did not grant to him any use of the alley, and he is faced with the limitation in his own deed. See Masters et al. v. Local Union No. 472, United Mine Workers of America, 146 Pa. Superior Ct. 143, Nickels v. Hand-in-Hand Cornet Band in

Manayunk, 52 Pa. Superior Ct. 145, and Shaffer v. Lauria, 50 Pa. Superior Ct. 135.

Wherefore, we are of the opinion that this bill must be dismissed.

### Conclusions of law

1. Abe Dubin is the owner of premises 704 South Fourth Street, Philadelphia, having received title on October 11, 1933, and Jacob Mogil and Sarah Mogil are the owners of premises 706 South Fourth Street, Philadelphia, having received title on November 10, 1945.

2. A three-foot alley located on the premises 706 South Fourth Street, Philadelphia, is completely on the premises of 706 South Fourth Street and is included in the description thereof.

3. The said alley was used by the tenant of 704 South Fourth Street prior to October 11, 1933, by reason of permission granted by the owner, Mr. Fogel, of the alley and premises 706 South Fourth Street.

4. Plaintiff, Abe Dubin, has not established an adverse use for a period of 21 years.

5. No prescriptive right in plaintiff has been established since the use prior to October 11, 1933, was a permissive use and therefore creates no prescriptive right.

6. Plaintiff not having had a grant to the use of the alley from any predecessor in title, he is bound by his acceptance of the deed of conveyance to him which contained no grant to the use of the alley.

### Decree nisi

And now, to wit, March 20, 1946, this cause having been heard on bill and answer, it is ordered, adjudged and decreed:

1. That plaintiff's bill is dismissed.

2. That plaintiff shall pay the costs of these proceedings.