592 A.2d 716

**Howard W.F. WOLFE, Jr., Appellant,**

v.

**Joseph B. PORTER, Appellee.**

Superior Court of Pennsylvania.

Argued April 2, 1991.

Filed June 11, 1991.

James A. Zurick, Shamokin, for appellant.

Myron M. Moskowitz, Shamokin, for appellee.

Before WIEAND, OLSZEWSKI and BROSKY, JJ.

WIEAND, Judge:

The dispute in this action of ejectment is between neighbors and pertains to the ownership of a seventeen (17) foot wide strip of land along a common property line. Joseph B. Porter, the defendant, holds record title to the disputed land. Howard W.F. Wolfe, Jr., the plaintiff, claims title by adverse possession. In order to establish his claim, however, it is necessary that Wolfe tack his possession to a period in which his parents allegedly possessed the land in dispute. The trial court held that tacking, under the facts alleged in plaintiff's complaint, was not available to estab-

lish title by adverse possession and sustained defendant's preliminary objections in the nature of a demurrer to plaintiff's amended complaint. After careful review, we affirm.[1]

The standard of appellate review was stated in *Ward v. Serfas*, 387 Pa.Super. 425, 564 A.2d 251 (1989), as follows:

> When preliminary objections in the nature of a demurrer are filed, we must accept as true all the well-pleaded material facts set forth in the complaint and all reasonable inferences deducible from those facts. *Dercoli v. Pennsylvania National Mutual Insurance Co.*, 520 Pa. 471, 554 A.2d 906 (1989). Accepting these facts and inferences, we then determine whether the pleader has failed to state a claim for which relief may be granted, and we will affirm the grant of a demurrer only if there is certainty that no recovery is possible. *Creeger Brick & Building Supply Inc. v. Mid–State Bank and Trust Co.*, 385 Pa.Super. 30, 560 A.2d 151 (1989). All doubts are resolved in favor of the pleader. Furthermore, by filing preliminary objections in the nature of a demurrer, appellees have admitted the factual allegations of the complaint for purposes of the demurrer. *Id.*

*Id.* 387 Pa.Super. at 428–429, 564 A.2d at 252–253.

■ Generally, [a] complaint in an action of ejectment must allege facts sufficient to establish a good cause of action. More particularly, the Rules of Civil Procedure relating to actions of ejectment specifically require that the plaintiff in his complaint describe the land and set forth an abstract of title upon which he relies, at least from the common source of the adverse titles of the parties.

1. Plaintiff complains that the trial court failed to consider preliminary objections which he filed to the defendant's preliminary objections. However, there was nothing in those preliminary objections to prevent the trial court from determining, in response to defendant's preliminary objection in the nature of a demurrer, that the complaint failed to state a cause of action. The absence of a legally cognizable cause of action may be raised at any time prior to or at trial. See: *Rocker v. Harvey Co.*, 370 Pa.Super. 32, 535 A.2d 1136 (1988); Pa. R.C.P. 1032.

22 Std.Pa.Prac.2d § 120:62 (1984). Although the requirement that the complaint set forth an abstract of title is mandatory and a complaint lacking the same is insufficient, several courts of common pleas have held that no abstract of title is required where the plaintiff bases his action on a claim of adverse possession. See: *Lazarchick v. Pecovich*, 44 Pa.D. & C.2d 39 (Schuylkill 1967); *Pepple v. Neibert*, 6 Pa.D. & C.2d 567 (Franklin 1955). See also: 22 Std.Pa. Prac.2d § 120:64 (1984) (requirement of abstract of title not applicable to plaintiff claiming right to possession based on adverse use); 3 Anderson Pa.Civ.Prac. § 1054.9 (1963) (same). We conclude that such a rule is eminently reasonable and that plaintiff's amended complaint is not defective merely because it fails to contain an abstract of title. A review of the facts alleged in the complaint, however, makes it apparent that plaintiff cannot establish title to the disputed land by adverse possession.

"[O]ne who claims title by adverse possession must prove that he had actual, continuous, exclusive, visible, notorious, distinct, and hostile possession of the land for twenty-one years." *Conneaut Lake Park, Inc. v. Klingensmith*, 362 Pa. 592, 594, 66 A.2d 828, 829 (1949). In the instant case, the plaintiff-appellant has been in possession of the disputed tract of land since 1979. This is an insufficient period to establish title by adverse possession.

 Appellant argues, however, that when the period of his possession is tacked on to the period during which his predecessor in title held possession, a continuous and adverse possession for more than 21 years is established.

The applicable law was stated in *Wittig v. Carlacci*, 370 Pa.Super. 584, 537 A.2d 29 (1988), as follows:

In *Castronuovo v. Sordoni*, 357 Pa.Super. 187, 515 A.2d 927 (1986), a panel of this Court reviewed the applicable law as follows:

The possession of successive occupants may be tacked, but only where there is privity between them. *Masters v. Local Union No. 472, United Mine Workers*, 146 Pa.Super. 143, 22 A.2d 70 (1941). For our

purposes, "privity" refers to a succession of relationship to the same thing, whether created by deed or other acts or by operation of law. *Stark v. Lardin,* 133 Pa.Super. 96, 1 A.2d 784 (1938).

But a deed does not of itself create privity between the grantor and the grantee as to land not described in the deed but occupied by the grantor in connection therewith, although the grantee enters into possession of the land not described and uses it in connection with that conveyed * * * The deed, in itself, creates no privity as to land outside its calls. Nor is privity created by the bare taking of possession of land previously occupied by the grantor.

*Gerhart v. Hilsenbeck,* 164 Pa.Super. 85, 88, 63 A.2d 124, 126 (1949) (quotations omitted). Our court has held that acceptance of a deed describing boundary lines confined the premises to the area within the boundaries, and that such a deed did not convey inchoate rights acquired by incompleted adverse possession. *Masters, supra.* Each predecessor must have claimed title to the property in dispute, and in transferring to his successors must have purported to include it. *Shaffer v. Lauria,* 50 Pa.Super. 135 (1912).

*Id.,* 357 Pa.Superior Ct. at 193–194, 515 A.2d at 930–931 (footnote omitted).

Thus, a grantee cannot tack his grantor's possession of land when the grantor does not convey such land to him. The only recognized exception occurs where an intent to convey more land than that described may be inferred from the circumstances or the deed itself. *Castronuovo v. Sordoni, supra,* 357 Pa.Superior Ct. at 193 n. 7, 515 A.2d at 931 n. 7.

*Id.* 370 Pa.Super. at 589–590, 537 A.2d at 31–32. See also: 1 P.L.E. Adverse Possession § 23 (1986).

Plaintiff-appellant's title to his land was acquired by deed from his mother, Catherine M. Conrad, formerly Catherine M. Wolfe, on July 31, 1979. Prior thereto, the land had been owned by plaintiff's parents, Howard W.F. Wolfe and

Catherine M. Wolfe, husband and wife, who had acquired title by deed in 1952. Howard W.F. Wolfe died April 27, 1978; whereupon, Catherine M. Wolfe became the sole owner thereof. Plaintiff's parents, it is alleged, were in continuous possession of their own land and also of the disputed tract between 1952 and 1979. There is no suggestion, however, that title by adverse possession was perfected by adjudication or, indeed, that a claim of title by adverse possession was ever made against the owners of the adjoining tract.

When Catherine M. Wolfe (Conrad) conveyed to her son, she conveyed only the land for which she had record title. The deed contained a metes and bounds description of the land; and this description did not include any part of the land now in dispute. Where title by adverse possession is inchoate, a deed by a grantor which fails to convey such inchoate right is ineffective to create privity which allows tacking. The grantor's failure to include the disputed tract in the 1979 conveyance to her son prevented the son from tacking his possession of the disputed tract on to that of his parents to establish his own title by adverse possession. *Castronuovo v. Sordoni, supra.*

Appellant argues that an intent to include the disputed tract can be inferred from the language of the deed. We disagree. A careful examination of the deed discloses no reference to the disputed tract or to any inchoate right thereto. "The deed, in itself, creates no privity as to land outside its calls." *Gerhart v. Hilsenbeck, supra* 164 Pa.Super. at 88, 63 A.2d at 126. In the absence of a conveyance of the grantor's inchoate rights, we assume that appellant's predecessors either occupied the disputed land permissively or that they abandoned every intention of holding adversely before the conveyance. *Masters v. Local Union No. 472, United Mine Workers, supra.* See also: *Steese v. Bettleyon,* 32 D. & C.3d 630 (Northumberland 1984) (where grantor had claim of adverse possession to certain tract of land, and subsequent deed to grantee specifically excluded that tract, grantee was precluded from asserting continuing claim of

adverse possession, since he cannot be said to be in privity with grantor); *Watson v. Teres,* 50 Del.Co. 296 (1962) (although party claiming title by adverse possession may tack possession of predecessors, party must show sufficient privity between them and that each of them has transferred to his successor in some lawful manner the adverse possession or inchoate interest held).

■ Appellant also contends that the familial relationship between his predecessors in title and himself creates the privity necessary to permit tacking. We disagree. There was also a familial relationship between grantor and grantee in *Castronuovo v. Sordoni, supra,* but the Court refused to find privity where the deed from father to daughter failed to include land which had been possessed by the father for more than twenty-one (21) years. The decision in *Shaffer v. Baylor's Lake Ass'n, Inc.,* 392 Pa. 493, 141 A.2d 583 (1958), is not to the contrary. In that case there was not an intra family deed in which the grantor had failed to include any reference to an actual or inchoate interest in additional land. The Court did not hold that a family relationship created privity for purposes of tacking where the disputed property had been excluded from a conveyance between grantor and grantee.

As we have observed, appellant's own possession falls short of the required twenty-one (21) year period and the amended complaint discloses that there is no privity between appellant and his predecessors in title which would enable him to tack his period of possession to the possession of his predecessors. Therefore, appellant has failed to state a claim for which relief may be granted, and the trial court properly granted appellee's preliminary objection in the nature of a demurrer.

Affirmed.