658 A.2d 743

**Robert F. BAYLOR and Lillian A. Baylor, his wife, Appellees,**

v.

**Margaret SOSKA, Appellant.**

Supreme Court of Pennsylvania.

Argued March 8, 1995.

Decided May 12, 1995.

Reargument Denied June 22, 1995.

Anthony W. DeBernardo, Jr., DeBernardo, Antoniono, McCabe & Davis, P.C., Patsy A. Iezzi, Jr., Greensburg, for appellant.

Leslie J. Mlakar, Loughran, Mlakar & Bilik, Greensburg, for appellees.

Before NIX, C.J., and FLAHERTY, ZAPPALA, CAPPY, CASTILLE and MONTEMURO, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

On May 4, 1988, Robert and Lillian Baylor filed a quiet title action with respect to a parcel of land upon which a garden, hedges and a garage were located. The Baylors claim title to this parcel of land by adverse possession. Mrs. Soska, appellant herein, asserts that the adverse possession claim is defective and that the land in question belongs to her. She requests, by way of counterclaim, that the Baylors' garage be removed from this parcel of land.

The evidence indicates that Mary Hanecak, Baylors' predecessor in title, purchased the land in 1942. When Mrs. Hanecak purchased the property, it included a house and a garage. Approximately ten years later, Mrs. Hanecak's husband built an addition to the garage. This addition is located on the disputed parcel of land. Mrs. Hanecak claims that from the time she and her husband moved onto the property, they maintained the disputed parcel and planted hedges and a

garden on it. In 1973, the Baylors purchased the property from Mrs. Hanecak and tore down the addition to the garage, replacing it with a framed enclosure.

The trial court initially denied the Baylors' quiet title action on the grounds that they had not themselves possessed title for the required twenty-one years; that their claim could prevail only by tacking Mrs. Hanecak's period of adverse possession onto their own; and that tacking was not available because Mrs. Hanecak did not purport to convey the disputed property to the Baylors. The trial court ordered the Baylors to remove their structure from Mrs. Soska's land.

Upon the filing of exceptions, the trial court reversed itself and awarded title to a strip of land 165 feet long and 22 feet wide to the Baylors on an adverse possession theory. This award did not encompass the entire parcel claimed by the Baylors, but it did include the land on which the garage was located and an additional strip of land which would allow access to the garage.

The court based its decision on 21 P.S. § 3, which requires that any conveyance of real property necessarily includes the conveyance of appurtenances.[1] The court found that the addition to the garage was attached and became appurtenant to the original garage at least twenty-one years prior to the initiation of the lawsuit. The court also found that Mrs. Hanecak intended to convey the appurtenances. Accordingly, the court awarded the land on which the garage was situated plus a five foot extension to the Baylors. In sum, the court determined that the Baylors were entitled to the tacking of Mrs. Hanecak's period of adverse possession to that of their own by virtue of the fact that Mrs. Hanecak's possession was

---

1. 21 P.S. § 3 provides, in pertinent part:

   All deeds or instruments in writing for conveying or releasing land hereafter executed, granting or conveying lands, unless an exception or reservation be made therein, shall be construed to include all the estate, right, title, interest, property, claim and demand whatsoever of the grantor or grantors, in law, equity, or otherwise ... together with all and singular the improvements, ways, waters, watercourses, rights liberties, privileges, hereditaments, and appurtenances whatsoever thereto belonging, or in anywise appertaining, and the reversions and remainders, rents, issues, and profits thereof.

adverse and the garage was an appurtenance which was intended to be conveyed.

On appeal, a majority Superior Court affirmed. The court agreed with the trial court that 21 P.S. § 3 required that the deed be interpreted to include all appurtenances, including the garage. Judge Wieand, dissenting, argued that 21 P.S. § 3 did not operate in the fashion claimed by the majority and the trial court. According to Judge Wieand, all of the appurtenances "belonging to the land conveyed" are conveyed under 21 P.S. § 3, but this statute was not intended to include in a deed of conveyance a greater area than that described in the grantor's deed. Judge Wieand also noted that the majority's decision is in conflict with a series of prior Superior Court decisions. See *Wolfe v. Porter*, 405 Pa.Super. 385, 592 A.2d 716 (1991); *Castronuovo v. Sordoni*, 357 Pa.Super. 187, 515 A.2d 927 (1986); *Masters v. Local Union No. 472*, 146 Pa.Super. 143, 22 A.2d 70 (1941). Finally, Judge Wieand observed that the trial court did not find circumstances from which it could be inferred that the grantor intended to convey more than was described in the deed.

Margaret Soska petitioned for allowance of appeal and we granted allocatur. For the reasons that follow, we reverse.

■ As observed by the lower courts, one who claims title by adverse possession must prove actual, continuous, exclusive, visible, notorious, distinct and hostile possession of the land for twenty-one years. *Conneaut Lake Park, Inc. v. Klingensmith*, 362 Pa. 592, 66 A.2d 828 (1949). In the present case, the Baylors purchased the land in question in 1973 and brought this action in 1988. That is an insufficient period of time to acquire the land by adverse possession. However, under certain circumstances, the periods of possession of prior owners may be added on to the period of possession of the present owners. Superior Court in *Castronuovo v. Sordoni*, supra, described this process, called "tacking":

> The possession of successive occupants may be tacked, but only where there is privity between them. *Masters v. Local Union No. 472, United Mine Workers*, 146 Pa.Super.

143, 22 A.2d 70 (1941). For our purposes, "privity" refers to a succession of relationship to the same thing, whether created by deed or other acts or by operation of law. *Stark v. Lardin*, 133 Pa.Super. 96, 1 A.2d 784 (1938).

> But a deed does not of itself create privity between the grantor and the grantee as to land not described in the deed but occupied by the grantor.... The deed, in itself, creates no privity as to land outside its calls. Nor is privity created by the bare taking of possession of land previously occupied by the grantor.

*Gerhart v. Hilsenbeck*, 164 Pa.Super. 85, 88, 63 A.2d 124, 126 (1949) (quotations omitted).[7] Our court has held that acceptance of a deed describing boundary lines confined the premises to the area within the boundaries, and that such a deed did not convey inchoate rights acquired by incompleted adverse possession. *Masters, supra*, 146 Pa.Super. 143, 22 A.2d 70. Each predecessor must have claimed title to the property in dispute, and in transferring to his successors must have purported to include it. *Shaffer v. Lauria*, 50 Pa.Super. 135 (1912).

---

[7.] We take note of the exception recognized by the *Gerhart* court in cases such as *Scheetz v. Fitzwater*, 5 Pa. 126 (1847), where "an intent to convey more land than the described premises may be inferred from circumstances and perhaps from the deed itself." *Id.*, 5 Pa. at 128.

357 Pa.Super. at 193–94, 515 A.2d at 930–31. (Note that footnote 7 is part of the *Castronuovo* case.)

In sum, Superior Court has held that periods of the prior owner's adverse possession may be tacked, assuming that the prior owner as well as the present owner meet the requirements set out above for adverse possession, when the grantor purports to convey the disputed parcel in the instrument of conveyance to the present owner or when the circumstances of the case indicate an intent to convey more land than that which is described.

Our research reveals no cases in which this court has defined the "circumstances" which indicate that the predecessor in title intended to convey his claim of adverse possession. For the reasons that follow, we believe that the entire concept of "circumstances" in the context of tacking is misplaced.

In *Wolfe v. Porter*, 405 Pa.Super. 385, 390, 592 A.2d 716, 719 (1991), Superior Court was called upon to decide whether in a conveyance from mother to son, the son was entitled to tack his mother's alleged period of adverse possession when the deed conveyed only the land for which the mother had record title. The court wrote:

> Appellant argues that an intent to include the disputed tract can be inferred from the language of the deed. We disagree. A careful examination of the deed discloses *no reference to the disputed tract or to any inchoate right thereto.* ... In the absence of a conveyance of the grantor's inchoate rights, we assume that appellant's predecessors either occupied the disputed land permissively or that they abandoned every intention of holding adversely before the conveyance.

(Emphasis added.) Superior Court, in sum, has held that whenever a grantor seeks to convey an inchoate claim of adverse possession, what is required is a reference to the disputed tract or to the grantor's inchoate right.

There is good reason for this requirement. Interested parties have a right to discern from the record the state of the title of any parcel of land. If tacking were to be permitted because of vague, undefined "circumstances," there could and most likely would be no way for one not a party to the conveyance to know this. But the law mandates that a person asserting a claim of adverse possession make this assertion openly and notoriously to all the world. There must be no secret that the adverse possessor is asserting a claim to the land in question. *Tioga Coal Co. v. Supermarkets Gen. Corp.*, 519 Pa. 66, 75, 546 A.2d 1, 3 (1988) (Opinion Announcing the Judgment of the Court). If the adverse possessor's claim is to be passed on to a successor in title, therefore, there must be some objective indicia of record by which it can be discerned with some degree of certainty that a claim of title by adverse possession is being made and that the duration of this claim has been passed on to a successor in title.

It might be argued that if the original adverse possessor were simply to remain on the land and there were no action in

ejectment, nothing of record would appear to indicate the adverse possessor's interest, and therefore, there should be no requirement that the record reveal the adverse interest of a successor in title. First, nothing of record need appear concerning the successor's adverse possession claim. It is only the predecessor's claim which the successor seeks to tack that is at issue. Second, public policy requires that when an interest in land is conveyed to another, the interest of the successor in title be described as nearly as possible, withholding nothing which could and should at that time be made visible. Otherwise, needless complexity and uncertainty is introduced into conveyancing.

Accordingly, we hold that the only method by which an adverse possessor may convey the title asserted by adverse possession is to describe in the instrument of conveyance by means minimally acceptable for conveyancing of realty that which is intended to be conveyed. In this case, the predecessor in title did not meet this requirement so far as regards the disputed tract.

Moreover, the trial court's reliance on 21 P.S. § 3 is misplaced. The estate and rights conveyed by operation of this statute, see note 1, concern the estate and rights *of the land described in the instrument of conveyance.* The appurtenance in this case, the garage, was not located on the land described in the deed, and the statute, therefore, did not operate to convey the land on which the appurtenance was located.

The statute, thus, was irrelevant to the dispute. The only relevant inquiry was whether the disputed land was conveyed by the instrument of conveyance, here the deed, from Mrs. Hanecak to the Baylors. Since the disputed land was not even minimally described, the Baylors' quiet title action must fail.

Order reversed.

CASTILLE, J., concurs in the result.

MONTEMURO, J., is sitting by designation.