# Keesey v. Moro

C.P. of Armstrong County, no. 1999-0752-Civil.

*Richard L. Ames,* for plaintiffs.
*Kenneth Nichols,* for defendants.

NICKLEACH, *P.J.,* November 13, 2003—Before the court for disposition is the defendants' motion for summary judgment.

### FACTS AND PROCEDURAL POSTURE

This case began in June of 1999 with a complaint in equity. The defendants filed preliminary objections to that complaint for failure to state a cause of action. Specifically, the defendants argued that the plaintiffs had not pled facts sufficient to establish a record of property interests indicating that an easement extended across the Moro lands in favor of the Keesey lands. Additionally, the plaintiffs had not pled facts sufficient to support a claim of a similarly located prescriptive easement. An order of court was entered on December 22, 1999, sustaining the original preliminary objections and granting the plaintiffs an opportunity to cure those defects in pleading.

The plaintiffs then filed an amended complaint in this action. However, the defendants again raised preliminary objections arguing that similar defects existed in the amended complaint as had existed in the original complaint. Briefs and preliminary objections to the preliminary objections were filed by the parties, and argument before the court on the issues raised occurred on April 28, 2000. The court issued an opinion (incorporated herein by reference) and an order dated July 26, 2000, which once again sustained the defendants' preliminary objections and specified that the plaintiffs had 20 days in which to file a second (and final) amended complaint.

The plaintiffs timely filed a second amended complaint. Once again, the defendants raised preliminary objections arguing that the plaintiffs failed to cure the defects contained in the amended complaint. A response to the preliminary objections and briefs were filed by the parties, and argument before the court on the issues raised occurred on November 30, 2000. By adopting the broadest interpretation of the law and of the second amended complaint (including inferences drawn from the facts pled) this court overruled the preliminary objections and allowed the case to proceed. The instant motion for summary judgment followed on August 29, 2002. Briefs have been filed and arguments have been heard on this motion, which is now ripe for decision.

The facts, undisputed or adduced by the plaintiffs (and supported by some evidence), which we take as true for the purposes of deciding this motion are as follows. The defendants' land, consisting of three parcels conveyed with a combined description on one deed, is located on the bank of the Mahoning Creek, and is fronted by a

public road. The plaintiffs' two parcels, conveyed with separate deeds, are adjacent to one another and are located across the road from the defendants' land. The plaintiffs claim that there exists an easement in favor of their parcels in the form of a path across the defendants' land to access the creek, along with the right to maintain a boat dock in the creek. They claim this path was visible to the defendants at the time that the defendants took their interest in the land.

The plaintiffs trace their title for both parcels back to S.W. Cornman, who conveyed what became the Keesey parcels in 1943 (tax map no. 060.18-01-03, recorded in 1943), and in 1954 and 1956 (combined to form tax map no. 060.18-01-04, both recorded in 1956). The plaintiffs claim their right to an easement based upon recitations in the relevant deeds indicating the "right to use the path leading from said land to Mahoning Creek" (quoting the 1943 deed), or similar words that do not provide a formal, specific legal description.

S.W. Cornman is the common grantor in the parties' respective chains of title. He conveyed the land that ultimately became the bulk of the defendants' parcel by deeds made in 1952 and 1953 (combined to form the northeasterly two-thirds of tax map no. 060.00-06-19, recorded in 1952 and 1954 respectively). No deed in the Moro chain of title of fee interests from Cornman contains any reference to the disputed easement.

The southwesterly portion of the Moro parcel was formerly the land of Gregg, not Cornman. Although there exists some confusion as to the exact location of the easement (at least in terms of a formal legal description), the

plaintiffs claim to have acquired their rights through Cornman (or by prescription). No one claims that Cornman owned or attempted to convey an easement across Gregg land. Therefore, it is not necessary to fully develop the chain of title for that portion of the Moro parcel or explore the possibility that the plaintiffs' rights could be tied to it. Court exhibit A, made from the relevant Armstrong County tax map, is attached hereto. [not published herein]

## ISSUES

I. Whether the plaintiffs have failed to produce evidence sufficient to permit a jury to find a fact essential to their cause of action; namely, whether defendants' chain of title and circumstances of the property placed them on notice of a valid record right of way in favor of the plaintiffs' land.

II. In the alternative, whether the plaintiffs have produced evidence sufficient to permit a jury to find that a prescriptive easement exists in favor of their land, including findings of privity between themselves and certain prior adverse users.

## DISCUSSION

Granting a motion for summary judgment is a serious act for a court because it ends a lawsuit before all parties have presented all of their evidence. *Scopel v. Donegal Mutual Insurance Co.,* 698 A.2d 602, 605 (Pa. Super. 1997). Therefore, summary judgment may only be "granted where 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with

affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law' . . . . 'The record must be viewed in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party' . . . . Summary judgment may be entered only in those cases where the right is clear and free from doubt." *Ducjai v. Dennis,* 540 Pa. 103, 113, 656 A.2d 102, 107 (1995). (citations omitted)

Summary judgment may be granted for lack of evidence produced by the party who will bear the burden of proof as well as a lack of dispute over material facts. "The essence of the revision set forth in new Rule 1035.2 is that the motion for summary judgment encompasses two concepts: (1) the absence of a dispute as to any material fact and (2) the absence of evidence sufficient to permit a jury to find a fact essential to the cause of action or defense." Pa.R.C.P. 1035.2, explanatory comment-1996, Rule 1035.2 Motion.

There is no indication that any easement ever existed in the series of deeds conveying the fee interests in the defendants' land. However, these deeds are not the entire chain of title. For instant purposes, obvious use of an easement would create a duty of investigation. With respect to the 1954 and 1956 Cornman deeds to the Keeseys' predecessors in interest, such investigation would not reveal a valid, but unrecorded (or improperly recorded), conveyance of an interest in the defendants' land. Rather, it would have revealed a nullity since Cornman had already conveyed this interest in the Moro tract.

It is hornbook law that a grantor cannot convey greater rights than he has in the property being conveyed: no one can give what he does not have. Thus, the common grantor could not grant the right to cross the defendants' land *after* he had conveyed that land in fee simple to someone else in 1952 and 1953. He conveyed land into the Moro chain of title in fee and without the burden of an easement *before* conveying land into the Keesey chain of title. The plaintiffs' rights cannot in any way be based upon a chain of title to an easement that appears in their fee chain but which was not given them before severance and which does not appear in the defendants' fee chain. Therefore, summary judgment must be entered in favor of the defendants on the issue of an easement by conveyance burdening the Moro land in favor of Keesey parcel no. 060.18-01-04.

However, the same analysis is not true for the parcel conveyed into the Keesey chain in 1943. That deed was recorded prior to any conveyance by Cornman of the Moro land. As a purchaser, the defendants are charged with knowledge of all facts that diligent search would reveal.

"It is well settled that purchasers . . . of real estate are affected not only by matters of which they had actual knowledge and by what appeared in the office of the recorder of deeds and in the various courts of record whose territorial jurisdiction embraced the land in dispute, but as well 'by what they could have learned by inquiry of the person in possession and of others who, they had reason to believe, knew of facts which might affect the title.'" *Sidle v. Kaufman,* 345 Pa. 549, 557, 29 A.2d 77, 82 (1942) (quoting *Salvation Army Inc. v. Lawson,* 293

Pa. 459, 463, 143 A. 113, 114 (1928), and cited by *Roberts v. Estate of Pursley,* 718 A.2d 837, 843 (Pa. Super. 1998)).

Therefore, a grantee can lose his status as bona fide purchaser by such knowledge, even if the knowledge is constructive or implied as a matter of law. If a grantee is not a bona fide purchaser, he takes his title subject to any adverse interest thus discovered or discoverable.

With respect to the right to exclude others from the portion of the land constituting the easement, the Moros and their predecessors may not be bona fide purchasers, and thus, the vaguely worded and sloppily recorded easement in the 1943 deed may be valid with respect to them. If the path to the creek was, in fact, obvious when the parcels comprising what is now Moro land were conveyed, and if the respective purchasers had conducted a diligent search of the record of conveyances from Cornman during the time when he did own the Moro land, then they would have discovered an adverse conveyance of an easement and determined its location by inspection of the ground. The plaintiffs are entitled to attempt to prove their case for record title to an easement burdening the Moro parcel in favor of Keesey parcel no. 060.18-01-03. Summary judgment on that issue is therefore improper.

In addressing the issue of an easement by prescription, we find that such an easement cannot possibly exist with parcel no. 060.18-01-03 as the dominant estate. Hostile and adverse use does not occur when a user has a legal right to an easement memorialized in a recorded conveyance, such as the 1943 deed. If use of the path-

way and dock was sufficiently open and obvious to satisfy the requirements for an easement by prescription, then the various purchasers of the Moro parcel took with constructive notice of the 1943 conveyance of an easement in favor of parcel no. 060.18-01-03. Therefore, as a matter of law, any claim of a prescriptive easement benefitting the owners of this parcel must fail either for lack of openness of use or for lack of hostility of use. Summary judgment on the issue of a prescriptive easement in favor of this parcel will be entered in favor of the defendants.

With respect to parcel no. 060.18-01-04 as the dominant estate, we take as true the assertions that the disputed easement was used by the Keeseys since 1984, when they acquired the parcel, and that the various owners during the 21-year period immediately prior to commencement of this lawsuit similarly used the pathway and dock as well. Our examination will focus on the element of privity among these owners, which is critical and necessary to support any claim of ownership based upon adverse possession (and, by corollary, a claim for an easement by prescription) for the entire term of the limitations period. *Castronuovo v. Sordoni,* 357 Pa. Super. 187, 192, 515 A.2d 927, 930 (1986).

The deeds of conveyance among the various occupants during the limitations period include only the vaguest references to the location of the disputed easement. By the standard set forth in *Baylor v. Soska,* 540 Pa. 435, 658 A.2d 743 (1995), we find these references to be insufficient for the necessary tacking among these owners and inadequate to convey any choate or inchoate rights derived by adverse use.

The Supreme Court of this Commonwealth has held "that the only method by which an adverse possessor may convey the title asserted by adverse possession is to describe it in the instrument of conveyance by means minimally acceptable for conveyancing of realty that which is intended to be conveyed." *Baylor v. Soska,* 540 Pa. at 441, 658 A.2d at 746. The facts of this case present an interesting twist. Above, we determined that the alleged existence of the path on the ground and the reference in the 1943 deed (in the defendants' chain of title) could be sufficient for a record easement to exist. We believe that the strict rule of *Baylor* does not apply to constructive notice of a valid *record* interest in an easement. However, finding title by adverse possession or the existence of an easement by prescription involves state-sanctioned involuntary transfer of an interest property from one owner and vesting it in another. This serious act thus requires a more stringent standard under the law. Thus, we apply a different test to the claim for an easement by prescription than we did for an easement by conveyance.

In *Castronuovo v. Sordoni, supra,* a party claimed to have title to a parcel adjacent to, but outside the calls of, land deeded to her by her father. Part of the land within the deed's calls was held to have been properly acquired by the claimant based upon her father's adverse possession. When the father's rights matured, he was free to convey those rights, and he did so by a deed that described the land in a legally sufficient manner.

However, other land (referred to in the opinion as parcel C) was outside the calls of the father's deed to his daughter. The Superior Court held that the trial court had

erred as a matter of law by allowing the claimant to tack the father's period of adverse possession onto her own possession of parcel C. A deed does not create privity with respect to rights in land outside the description in that deed, even if the land is used in conjunction with the land inside the calls. This is so even if a grantee uses such a parcel in the same fashion as the grantor did. 357 Pa. Super. at 193, 515 A.2d at 930-31.

Similarly, the instant plaintiffs took title to lands with an appurtenant ill-defined easement through a series of deeds. Along with the land sufficiently described in their deeds, the plaintiffs claim to have used the poorly-defined, disputed easement. Again, we consider their use to meet the requirements for an easement by prescription and to be substantially the same as their predecessors during the limitations period.

The plaintiffs claim that they are in privity with the previous users at least as far back as 1978 (21 years prior to filing suit in 1999), based upon the following language: "This deed also conveys a right-of-way unto the grantees, their heirs and assigns, over land now or formerly of S.W. Cornman et ux. Lying south of said lot and the township road for an outlet to Mahoning Creek as set forth in previous deeds of record." (From the 1984 Hewitt to Keesey deed recorded at book 643, p. 340.) The deeds from Cornman to Hewitt provide no additional details. There is no mention of course, width, type of traffic allowed, or any other information which would allow a surveyor to state with confidence that a particular spot is within the easement or not. Therefore, as a matter of law, the plaintiffs have failed to produce evidence which, if

believed at trial, would be legally sufficient to prove their right to an easement by prescription, as is their burden.

An appropriate order will be entered.

## ORDER

And now, November 13, 2003, the defendants having filed a motion for summary judgment, and after careful consideration of the record and arguments presented, and for the reasons stated in the foregoing opinion, the court finds that the plaintiffs cannot maintain a viable claim for an easement by prescription and cannot maintain a claim for a record easement benefitting one of their parcels. However, the claim for a record easement benefitting their other parcel is viable.

Now therefore, it is ordered, adjudged, and decreed that the motion for summary judgment be and hereby is denied on the issue of a record easement with the plaintiffs' parcel no. 060.18-01-03 as the dominant estate and the defendants' land as the servient estate. The motion for summary judgment is hereby granted in favor of the defendants on all other issues.