J-A27034-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| ROUTE 901 DEVELOPMENT LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BARBARA R. DAVIS, EXECUTRIX FOR | : | No. 252 MDA 2023 |
| THE ESTATE OF MARY W. | : | |
| REYNOLDS, RICHARD A. LEWIS, | : | |
| BONNIE J. STANSKI, EXECUTRIX | : | |
| FOR THE ESTATE OF BARBARA A. | : | |
| LEWIS A/K/A BARBARA B. LEWIS | : | |
| AND UNKNOWN HEIRS, | : | |
| SUCCESSORS, ASSIGNS, AND ALL | : | |
| OTHER PERSONS CLAIMING RIGHT | : | |
| TITLE OR INTERST FROM OR UNDER | : | |
| MARCINE P. WOLVERTON | : | |
| (DECEASED) AND/OR KEITH | : | |
| WOLVERTON; (DECEASED); AND/OR | : | |
| WILLIAM WOLVERTON  (DECEASED); | : | |
| AND JEFFREY S. WOLVERTON | | |

Appeal from the Order Entered January 18, 2023
In the Court of Common Pleas of Northumberland County Civil Division at
No(s):  CV-2021-01039

BEFORE:   LAZARUS, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:      **FILED: MARCH 20, 2024**

Route 901 Development LLC ("Appellant") appeals from the order of the

Court of Common Pleas of Northumberland County granting the preliminary

objections in the nature of a demurrer filed by Appellees Richard Lewis

---

[*] Former Justice specially assigned to the Superior Court.

("Lewis"), Jeffrey S. Wolverton ("Wolverton"), and Bonnie Stanski, Executrix for the Estate of Barbara A. Lewis (hereinafter "Stanski"). We affirm.

On June 29, 2021, Appellant filed a complaint to quiet title to a 1.27 acre parcel of land located in Ralpho Township, Northumberland County. Appellant claims this land was abandoned by the Appellees who are the heirs of Thomas L. Wolverton. In an amended complaint filed on January 7, 2022, Appellant named the defendants as Lewis, Wolverton, Stanski, and Barbara R. Davis, Executrix for the Estate of Mary W. Reynolds.[1]

Appellant, owner of an adjacent parcel of land, claims it acquired title in fee to the subject property through adverse possession. Appellant acknowledged that while it had not adversely possessed the subject property itself for the full statutory period of twenty-one years, it could establish its claim by tacking on the adverse possession period of its predecessors.

In its complaint, Appellant alleges that its predecessor, Split Vein Coal Company, Inc. ("Split Vein") "had been conducting its coal operations on the disputed 1.27 acre parcel of land in excess of 21 years and adversely to the interests of the heirs of the Thomas L. Wolverton Estate." Amended Complaint, at ¶ 12. In a deed dated June 6, 2008 and recorded June 9, 2008, Split Vein made a conveyance of its land to Kenneth Deitrick ("Deitrick"), who "continued to occupy the property and utilize the property consistent with his ownership."

_____

[1] Appellant also named as defendants all the unknown heirs, successors, and all other persons claiming right title or interest from or under Marcine P. Wolverton (deceased), Keith Wolverton (deceased), and/or William Wolverton (deceased).

Amended Complaint, at ¶ 13. The parties have stipulated that the 2008 deed from Split Vein to Deitrick "describes by metes and bounds a 1.25 acres parcel of land which is separate from the acreage being claimed by the Plaintiff/Appellant by adverse possession." Stipulation, 9/14/23, at 1. Thereafter, Deitrick conveyed his interests to Appellant in a quitclaim deed dated August 13, 2020 and recorded August 14, 2020.

On February 22, 2022, Appellee Wolverton and Appellee Lewis filed preliminary objections asserting *inter alia* that Appellant's complaint was legally insufficient as Appellant could not tack to meet the required statutory period of twenty-one (21) years for adverse possession. On April 10, 2022, Appellee Stanski filed preliminary objections to Appellant's amended complaint, which included *inter alia*, a claim that Appellant cannot meet the statutory period to prove his adverse possession claim.

On October 5, 2022, the trial court held oral argument on the preliminary objections. In an order entered January 18, 2022, the trial court dismissed Appellant's claim with prejudice. On February 13, 2022, Appellant filed a timely notice of appeal and subsequently complied with the trial court's direction to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Appellant raises the following issues for our review on appeal:

[1.] Whether the trial court abused its discretion or erred as a matter of law in sustaining Appellee's preliminary objections to the Appellant[']s amended complaint for legal insufficiency in the nature of a demurrer, finding that Appellant cannot tack to meet

the statutory period required for adverse possession, and dismissing Appellant's amended complaint with prejudice?

[2.] Whether the trial court abused its discretion and/or erred as a matter of law in finding there was no other indicia of record outside of a deed to show required "privity" to permit tacking between Appellant and its predecessors in title to the adjacent adversely possessed land, ending the action at the preliminary objection stage of the litigation?

Appellant's Brief, at 4.

Our standard of review of an order granting preliminary objections is well-established:

> Preliminary objections in the nature of a demurrer should be granted where the contested pleading is legally insufficient. ***Cardenas v. Schober****,* 783 A.2d 317, 321 (Pa.Super. 2001) (citing Pa.R.C.P. 1028(a)(4))."Preliminary objections in the nature of a demurrer require the court to resolve the issues solely on the basis of the pleadings; no testimony or other evidence outside of the complaint may be considered to dispose of the legal issues presented by the demurrer." ***Hess v. Fox Rothschild, LLP****,* 925 A.2d 798, 805 (Pa.Super.2007) (quoting ***Cardenas****,* 783 A.2d 317 at 321). All material facts set forth in the pleading and all inferences reasonably deducible therefrom must be admitted as true. ***Id****.*
>
> ***Cooper v. Church of St. Benedict****,* 954 A.2d 1216, 1218 (Pa.Super. 2008). In reviewing a trial court's grant of preliminary objections, the standard of review is *de novo* and the scope of review is plenary. ***Martin v. Rite Aid of Pennsylvania, Inc.****,* 80 A.3d 813, 814 (Pa.Super.2013). Moreover, we review the trial court's decision for an abuse of discretion or an error of law. ***Lovelace ex rel. Lovelace v. Pennsylvania Prop. & Cas. Ins. Guar. Ass'n****,* 874 A.2d 661, 664 (Pa.Super. 2005).

***Kilmer v. Sposito***, 146 A.3d 1275, 1278 (Pa.Super. 2016).[2]

---

[2] We recognize that the trial court cited precedent relevant to the standard of review for resolving a motion for summary judgment instead of a preliminary

*(Footnote Continued Next Page)*

Appellant challenges the trial court's decision to grant Appellees' preliminary objections in the nature of a demurrer after it found that Appellant could not prove his claim of adverse possession. This Court has held that:

> Adverse possession is an extraordinary doctrine which permits one to achieve ownership of another's property by operation of law." *Recreation Land Corp* [*v. Hartzfield*, 947 A.2d 771, 774 (Pa.Super. 2008)] (citation omitted). Claimants seeking to assert title by adverse possession have the burden to show each of the following elements: "actual, continuous, exclusive, visible, notorious, distinct and hostile possession of the land for twenty-one years." *Id.* (citation omitted). They must demonstrate each element by "credible, clear[,] and definitive proof." *Johnson v. Tele-Media Co. of McKean Cnty*., 90 A.3d 736, 741 (Pa. Super. 2014).

*Gruca v. Clearbrook Cmty. Servs. Ass'n, Inc.*, 286 A.3d 1273, 1278 (Pa.Super. 2022).

In order to claim title by adverse possession, a plaintiff must prove "actual, continuous, exclusive, visible, notorious, distinct and hostile possession of the land for twenty-one years." *Baylor v. Soska*, 658 A.2d 743, 744 (Pa. 1995).

---

objection in the nature of a demurrer. This Court has recognized that "an appeal from the sustaining of preliminary objections in the nature of a demurrer, as well as the granting of a motion for summary judgment, our standard of review is essentially the same. We must accept as true all well-pleaded material facts set forth in the pleadings as well as all inferences reasonably deducible therefrom." *Kilmore v. Erie Ins. Co.*, 595 A.2d 623, 625 (Pa.Super. 1991) (citing *DiMarco v. Lynch Homes,* 583 A.2d 422 (Pa. 1990); *Jefferson v. State Farm Insurance,* 551 A.2d 283 (Pa.Super. 1988)). We note that the trial court did resolve the issues raised in the preliminary objections solely on the basis of the pleadings in this case.

However, under certain circumstances, the periods of possession of prior owners may be added on to the period of possession of the present owners [by] a process, called 'tacking' ... but only where there is privity between [successive occupants]. For our purposes, 'privity' refers to a succession of relationship to the same thing, whether created by deed or other acts or by operation of law.

*Northern Forests II, Inc. v. Keta Realty Co.*, 130 A.3d 19, 35 (Pa.Super. 2015) (quoting *Baylor*, 658 A.2d at 744–45).

In *Baylor*, the Baylors presented a similar adverse possession claim which was dependent on the Baylors' ability to tack the period that their predecessor in title held in the disputed land. However, the Supreme Court held that the Baylors could not tack their predecessors' period of adverse possession because the predecessor did not identify the subject property in their deed to the Baylors. The Supreme Court provided that:

[the only method by which an adverse possessor may convey the title asserted by adverse possession is to describe in the instrument of conveyance by means minimally acceptable for conveyancing of realty that which is intended to be conveyed. In this case, the predecessor in title did not meet this requirement so far as regards the disputed tract.

*Baylor*, 658 A.2d at 746.

The Supreme Court explained its rationale as follows:

Interested parties have a right to discern from the record the state of the title of any parcel of land. If tacking were to be permitted because of vague, undefined "circumstances," there could and most likely would be no way for one not a party to the conveyance to know this. But the law mandates that a person asserting a claim of adverse possession make this assertion openly and notoriously to all the world. There must be no secret that the adverse possessor is asserting a claim to the land in question. *Tioga Coal Co. v. Supermarkets Gen. Corp.,* 519 Pa. 66, 75, 546 A.2d 1, 3 (1988) (Opinion Announcing the Judgment of the Court). If the

- 6 -

adverse possessor's claim is to be passed on to a successor in title, therefore, there must be some objective indicia of record by which it can be discerned with some degree of certainty that a claim of title by adverse possession is being made and that the duration of this claim has been passed on to a successor in title.

*Id*. at 745-46. **See also Northern Forests II, Inc.**, 130 A.3d at 36 (finding plaintiff's adverse possession claim failed as the deed it received from its predecessor in title did not purport to convey subsurface rights or any adverse possession interest of subsurface rights).

Likewise, in this case, Appellant's adverse possession claim depends on its ability to tack the alleged adverse possession period of its predecessors in title, Split Vein and Deitrick. As noted above, the parties have stipulated that the 2008 deed from Split Vein to Deitrick "describes by metes and bounds a 1.25 acres parcel of land which is separate from the acreage being claimed by the Plaintiff/Appellant by adverse possession." Stipulation, 9/14/23, at 1.

Appellant seemingly concedes that the 2008 deed from Split Vein to Deitrick did not include any claim to the disputed property or refer to any adverse possession interest in the disputed property. Instead, Appellant asserts that the trial court was required to look beyond the deed to determine the intent of the parties to assess whether inchoate rights were transferred.

This Court rejected a similar claim in **Wolfe v. Porter**, 592 A.2d 716, 719 (Pa.Super. 1991) in which the appellant argued that parties' intent to include the disputed tract within the conveyance could be inferred from the language of the deed. This Court noted that as the deed did not contain any reference to the disputed tract or any inchoate right, the deed created no

privity for land outside the deed description. This Court provided that "[i]n the absence of a conveyance of the grantor's inchoate rights, we assume that appellant's predecessors either occupied the disputed land permissively or that they abandoned every intention of holding adversely before the conveyance." *Id*.

In sum, Appellant's own possession of the subject property does not meet the twenty-one year statutory period and Appellant cannot tack its predecessors' alleged periods of adverse possession because it has not shown that its predecessors included a description of their purported interest in the subject property within the relevant deeds. Accordingly, the trial court did not abuse its discretion in granting Appellees' preliminary objections in the nature of a demurrer.

Orders affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/20/2024