MOTTO, P.J.,
Before the court for disposition are the preliminary objections to plaintiffs’ and additional plaintiff’s second amended complaint filed on behalf of the defendants David J. and Bette J. Capots and additional defendant Urie Byler. Although a number of issues are raised in the preliminary objections, the court finds the two dispositive issues are as follows:
1. Did the plaintiffs Kline lose the capacity to claim title to the disputed real estate on a claim of adverse possession when the plaintiffs executed and delivered a deed to the additional plaintiff Johnston, during the pendency of this action, that described only the real estate to which the Klines held record title.
2. Does the amended complaint establish as a matter of law that plaintiff Johnston cannot establish title to the disputed real estate on a claim of adverse possession *99 because Johnston is not in privity with the Klines and cannot tack onto the Klines period of possession.
In addition to defendants’ preliminary objections to the second amended complaint, defendants also presented a motion for partial summary as to Count I, Count II, Count III and Count IV of the plaintiffs’ original complaint. Specifically, defendants contend that because plaintiffs and additional plaintiff are unable to produce expert testimony to establish the boundary line as alleged in the complaint and cannot dispute the survey of defendants’ expert engineer, they are therefore unable to prove that they hold title to the disputed property and defendants are entitled to partial summary judgment under Pa.R.C.P. 1035.2, as to such counts.
This action arises from a property boundary dispute regarding a piece of undeveloped woodland in Taylor Township, Lawrence County. On July 3,2004, defendants David and Bette Capots hired the Michael Baker Corporation to complete a survey of their property along Route 168 in Taylor Township having the permanent parcel ID #33-079900 and #33-080000. Defendants’ property is located directly to the North of plaintiffs Harold and Ethel Kline’s 57.14 acres of property along Route 168 in Taylor Township. Plaintiff’s property is identified by permanent parcel ID #33-071100. At defendants request, David LaPearle, a licensed professional surveyor, conducted a metes and bounds survey of the defendants’ property which relied upon a multitude of historical maps and deeds and determined that the defendants’ are the owners of the disputed property which is described as follows:
From a point on the intersection of the center line of Hawthorne Road, (a 33 foot right-of-way) with the West line of a 300 foot First Energy right-of-way, thence on *100 a course of North 01° 29’29” West along said right-of-way a distance of 103.18 feet to a point, the place of beginning; thence along plaintiffs’ property on a course of North 89° 00’45” West a distance of 1,408.98 feet to a point; thence along plaintiffs’ property on a course of North 16°13’31” West a distance of 200.00 feet to a point; thence along plaintiffs’ property on a course of North 89° 00’45” West a distance of 158.91 feet to a point on the East right-of-way of State Route 168; thence along the East right-of-way lone of State Route 168 on a court of North 10° 13’57” West a distance of 744.33 feet to a point; thence along the South line of defendants’ property on a course of North 73° 40’22” East a distance of 1,819.92 feet to a point on the West line of said First Energy right-of-way; thence along the West line of said First Energy right-of-way on a course of South 02° 23 ’31 ” East a distance of 1,131.44 feet to a point, the place of beginning.
After the completion of the survey, defendants began preparations to harvest trees from their property. In July 2004, defendants contracted with Jeff Bloise Logging to harvest timber from defendants’ property as defined by the professional survey.
According to the complaint, plaintiffs sent a letter dated July 22, 2004, to defendants and the logging company notifying them that plaintiffs owned 40 acres of property claimed by the defendant and advised defendants to refrain from harvesting trees from the disputed area until the true boundary line could be determined. On July 29, 2005 upon direction by defendants the loggers began harvesting trees from the portion of the property in dispute. On August 9,2005 the plaintiffs hired Ross Taylor of Taylor Engineering to complete a property survey of *101 the plaintiffs’ land to determine if the land the defendants’ harvested trees from belonged to plaintiffs. Ross Taylor’s survey opined that plaintiffs owned the 40 acres of land from which the defendants harvested timber; therefore, the plaintiffs filed a civil complaint against defendants David and Bette Capots alleging causes of action for trespass, conversion, ejectment and permanent injunction.
Subsequent to the filing of the complaint, the original plaintiff Ethel Kline died. On July 8,2008, plaintiff Harold Kline irrevocably transferred the real property known as permanent parcel ID #33-071100 by deed to additional plaintiff Sandra Johnston. Sandra Johnston is the daughter of the original plaintiffs. The conveyance to Sandra Johnston did not contain a metes and bounds description of the parcel of land nor did the conveyance contain any reference to any inchoate right, interest or title by way of adverse possession to the parcel. The plaintiffs Harold and Ethel Kline are now both deceased[1]. The original defendants, David and Bette Capots, sold their property, which includes a description of the disputed 40 acre parcel of land, to Urie Byler by article of agreement. The court granted the parties motion to add Urie Byler as an additional defendant and Sandra Johnston as an additional plaintiff.
The parties participated in discovery and each party requested that the opposing party’s expert witness answer interrogatories and produce the documents relied upon in the survey. On May 19, 2006, Ross Taylor, the plaintiff’s *102 expert, responded to defendant’s interrogatories. Thereafter, on August 28, 2006, defendants’ expert witness, David LaPearle, responded to plaintiffs’ interrogatories and request for documents. In February 2010 plaintiffs’ former counsel demanded depositions of the experts. Depositions of the two experts were scheduled and re-scheduled several times. On September 26, 2012 a deposition of defendants’ expert was conducted. The deposition of plaintiff’s expert was to be scheduled for a future date. On February 11, 2013 the plaintiffs’ expert arrived for his deposition but refused to have any testimony taken under oath and refused to testify as to any information contained in his survey of the property.
On April 11, 2013, the additional plaintiff filed an amended complaint alleging an additional alternative cause of action in adverse possession. Defendants filed preliminary objections to the amended complaint and the additional plaintiff responded by filing a second amended complaint on June 13, 2013. The defendants filed preliminary objections to the second amended complaint arguing lack of standing to make a claim for adverse possession and the legal insufficiency of the amended complaint citing a failure to allege sufficient facts to establish a cause of action in adverse possession. Additionally, the defendants have filed a motion for partial summary judgment arguing that after a lengthy period of extensive discovery and production of expert reports the plaintiffs have failed to produce evidence of the facts essential to their causes of action, namely legal ownership of the disputed property. Defendants contend because plaintiffs cannot produce evidence establishing the boundary line at the location alleged in the original complaint, and cannot dispute the defendant’s survey, defendants are entitled to summary judgment as a matter *103 of law against plaintiffs as to Count I- Trespass, Count II- Conversion, Count III- Ejectment and Count IV-Permanent injunction of the original complaint.
Defendants argument that the deceased plaintiffs Harold and Ethel Kline lack the capacity to claim title based on a theory of adverse possession is based on the fact that on July 8, 2009, the plaintiffs transferred the property they identify in their complaint to additional defendant Sandra Johnston. Therefore, defendants argue that the Klines lack any cognizable interest, right or title to the disputed property and lack standing to bring a cause of action claiming ownership by adverse possession, having conveyed it away.
In seeking judicial resolution of a controversy, a party must establish as a threshold matter that he has standing to maintain the action. Stilp v. Commonwealth, 596 Pa. 62, 68, 940 A.2d 1227, 1233 (2007). The traditional concept of standing focuses on the idea that a person who is not adversely affected by the matter he seeks to challenge does not have standing to proceed with the court system’s dispute resolution process. William Penn Parking Garage v. City of Pittsburgh, 464 Pa. 168, 346 A.2d 269, 280-81 (1975). In Pennsylvania, the requirement of standing is prudential in nature. City of Philadelphia v. Commonwealth of Pennsylvania, 575 Pa. 542, 838 A.2d 566, 577 (2003). A challenge to the standing of a party to maintain the action raises a question of law. In re Milton Hershey sch., 590 Pa. 35, 911 A.2d 1258 (2006). A controversy is worthy of judicial review only if the individual initiating the legal action has been aggrieved. In re Hickson, 573 Pa. 127, 132, 821 A.2d 1238, 1243 (2003). This principle is based upon the practical reason that unless one has a legally sufficient interest in a matter, this is, is “aggrieved,” the courts *104 cannot be assured that there is a legitimate controversy. Id. With respect to this requirement of being aggrieved, an individual can demonstrate that he is aggrieved if he can establish that he has a substantial, direct and immediate interest in the outcome of the litigation in order to be deemed to have standing. Id. An interest is substantial if it is an interest in the resolution of the challenge which “surpasses the common interest of all citizens in procuring obedience to the law.” Id. Likewise, a direct interest mandates a showing that the matter complained of caused harm to the party’s interest, i.e. a causal connection between the harm and the violation of law. City of Philadelphia v. Commonwealth of Pennsylvania, supra. 838 A.2d at 577. An interest is immediate if the causal connection is not remote or speculative. Id. The key to standing is that the person must be negatively impacted in some real and direct fashion. If the individual is not adversely affected in any way by the matter he seeks to challenge, he is not aggrieved thereby and has no standing to obtain a judicial resolution of his challenge. In re Hickson, 573 Pa. at 132, 821 A.2d at 1243.
In the instant case, a claim for the adverse possession of the disputed land is raised in Alternative Counts V and VI of the second amended complaint. To have standing to maintain an action in adverse possession the plaintiffs must have either have a real interest in the land claimed by defendants or some legal right, title or interest to the adverse possession of the land. According to the complaint, on July 8, 2008, plaintiff Harold Kline irrevocably transferred the real property known as permanent parcel ID #33-071100 to plaintiff Sandra Johnston. In the conveyance, the deed failed to explicitly transfer any incomplete inchoate rights to the adverse possession of the disputed land, or to describe the disputed tract of land that was allegedly being *105 adversely occupied by plaintiffs.
Defendants rely on Castronuovo v. Sordoni, 357 Pa. Super. 187, 515 A.2d 927 (1986), in which the Pennsylvania Superior court explained the applicable law when an adverse possessor fails to transfer title by conveyance to the land that was adversely occupied as follows:
The possession of successive occupants may be tacked, but only where there is privity between them. Masters v. Local Union No. 472, united Mine Workers, 146 Pa. Super. 143, 22 A.2d 70 (1941). For our purposes, “privity” refers to a succession of relationship to the same thing, whether created by deed or other acts or by operation of law. Stark v. Lardin, 133 Pa. Super. 96, 1 A.2d 784 (1938).
But a deed does not of itself create privity between the grantor and the grantee as to land not described in the deed by occupied by the grantor in connection therewith, although the grantee enters into possession of the land not described and uses it in connection with that conveyed. The deed, in itself, creates no privity as to land outside its calls. Nor is privity created by the bare taking of possession of land previously occupied by the grantor. Our court has held that acceptance of a deed describing boundary lines confined the premises to the area within the boundaries, and that such a deed did not convey inchoate rights acquired by incompleted adverse possession. Each predecessor must have claimed title to the property in dispute, and in transferring to his successors must have purported to include it.
Castronuovo v. Sordoni, 357 Pa. Super, at 193-94, 515 A.2d at 930-31. (internal citations omitted).
*106 In Castronuovo, the Superior Court found that in the absence of a conveyance of the inchoate rights to adversely possess a parcel, it must be assumed that the parcel was either occupied permissibly or that the grantor abandoned every intention of adversely holding the land before the conveyance. Id. at 194, 515 A.2d at 931. The assumption that an adverse possessor who fails to convey inchoate rights to adversely possess a parcel has either occupied the parcel permissively or abandoned every intention of adversely holding the property has been upheld by the courts of Pennsylvania on numerous occasions. See Baylor v. Soska, 540 Pa. 435, 658 A.2d 743 (1995)(holding that the only method by which an adverse possessor may convey the title asserted by adverse possession is to describe in the instrument of conveyance by means minimally acceptable for conveyancing of realty that which is intended to be conveyed); Wolfe v. Porter, 405 Pa. Super. 385, 592 A.2d 716 (1991)(holding that the period of plaintiff’s grantor’s possession could not be tacked on to period of plaintiff’s possession where title by adverse possession was inchoate and deed did not convey inchoate rights).
The court finds that the foregoing authorities are relevant only to the question of whether Johnston acquired any right to “tack” on to the adverse possession period acquired by the Klines and have no bearing on the independent right of the Klines to claim ownership by adverse possession. Castronuovo is distinguishable because it does address the interest of the grantor who has possessed the property for the full statutory period required for adverse possession, and who has not conveyed the ripened interest acquired by adverse possession. Here the claim is that the Klines did possess adversely for more than 21 years. The initial claim of the Klines was that their deed gave them title to the disputed land, based upon the survey maps of Ross *107 Taylor. With Taylor having refused to support his survey by deposition, the Klines took the alternative method of pursuing title by adverse possession. This alternative theory assumes that their deed does not describe the disputed property. Therefore, if the deed held by them does not include the disputed property, their deed to Johnston cannot either, as it consists of the same description. One who has gained title by adverse possession cannot be found to have lost title by transferring other property that is separate and distinct from the property acquired by adverse possession.
Pennsylvania adheres to the majority view that a title may be gained by adverse possession even if the adverse possessor is occupying the property under a mistaken belief of ownership by title. Lyons v. Andrews, 226 Pa. Super. 351, 313 A.2d 313 (1973); Dimura v. Williams, 446 Pa. 316, 286 A.2d 370 (1972). The allegations of the second amended complaint regarding adverse possession rest solely on the alleged, actual, continuous, distinct and hostile possession of disputed land by the Klines for twenty one years. The Klines are proper parties to this lawsuit; the amended complaint contains sufficient allegatio'ns of adverse possession; the interest of the Klines has not been adjudicated relative to their claim of adverse possession; and the Kline deed to Johnston did not eliminate the Klines’ claim of adverse possession of the disputed land where the deed did not describe or include within it the disputed land. As such the title by adverse possession must be held to have retained by the Klines, if it can be proven to exist. However, in order to proceed to address any claim of the Klines to title by adverse possession there must be compliance with Pa.R.C.P. 2352, as a deceased person cannot be a party to an action. If a party dies after commencement of an action, the attorney of record must file a notice of death with the prothonotary. The procedure *108 to substitute the personal representative of the deceased party is then in accordance with Rule 2352. The court therefore finds that pending compliance with Pa.R.C.R 2352 the Klines then may proceed with their action on a theory of adverse possession.
The next issue for consideration are the defendants’ preliminary objections to the claim of additional plaintiff Johnston asserting ownership of the disputed land by adverse possession. The court found that the claim of additional plaintiff Sandra Johnston for adverse possession against the defendant must be dismissed for failure to state a cause of action. The deed conveying the property owned by Kline to Sandra Johnston failed to include a description of or to transfer any inchoate rights to ownership by adverse possession of the disputed tract of land. When a conveyance fails to transfer inchoate rights of adverse possession, the successor in title may not tack the grantor’s time of adverse possession to their own. Baylor v. Soska, 540 Pa. at 440, 658 A.2d at 745. If the adverse possessor’s claim is to be passed on to a successor in title, there must be some objective indicia of record by which it can be discerned with some degree of certainty that a claim of title by adverse possession is being made and that the duration of this claim has been passed on to a successor in title. Id. 540 Pa. at 440, 658 A.2d at 746. Plaintiff Sandra Johnston has never occupied any portion of the disputed tract of land so as to have her own independent claim of adverse possession. Her claim rests solely upon the adverse possession by the Klines.
Preliminary objections in the nature of a demurrer will only be sustained in cases which are clear and free from doubt. “A preliminary objection in the nature of a demurrer is properly granted where the contested pleading *109 is legally insufficient.” Cooper v. Frankford Health Care System, Inc., 960 A.2d, 134, 143 (Pa. Super. 2008)(citing Cardenas v. Schober, 783 A.2d 317, 321 (Pa. Super. 2001)). A demurrer must be resolved based solely on the pleadings, no testimony or evidence outside of the complaint may be considered to dispose of the legal issue presented. Id. “All material facts set forth in the pleading and all inferences reasonably deducible therefrom must be admitted as true.” Hess v. Fox Rothschild, LLP, 925 A.2d 798, 805 (Pa. Super. 2007)(citing Cardenas, supra.). A demurrer will only be sustained in cases where the complaint fails to set forth a valid cause of action. Lerner v. Lerner, 954 A.2d 1229, 1235 (Pa. Super. 2008)(citing McArdle v. Tronetti, 426 Pa. Super. 607, 627 A.2d 1219, 1221 (1993)). If a doubt exists regarding whether a demurrer should be sustained, the doubt must be resolved in favor of overruling the demurrer. R.W. v. Manzek, 585 Pa. 335, 351, 888 A.2d 740, 749 (2005)(citations omitted).
Under Pennsylvania law, the possession of successive occupants may be “tacked” for adverse possession purposes, but only where there is privity between the parties. Masters v. Local Union No. 472, United Mine Workers, 146 Pa. Super. 143, 22 A.2d 70 (1941). To establish the privity necessary to convey inchoate rights acquired by incomplete adverse possession, each predecessor must have claimed title to the property in dispute, and in transferring to his successors must have purported to include it in the conveyance. Baylor v. Soska, supra. 540 Pa. at 440, 658 A.2d at 745; Wolfe v. Porter, supra. 405 Pa. Super, at 189, 592 A.2 at 718. The familial relationship between parent and child does not create the privity necessary for tacking purposes. Wolfe v. Porter, 405 Pa. Super, at 190, 592 A.2 at 719; Castronuovo v. Sordoni, supra.
*110 Prior to the decision in Baylor v. Soska, supra, a claimant could establish privity necessary for tacking purposes by either written conveyance or by other acts or circumstances extrinsic to the written deed. See Scheetz v. Fitzwater, 5 Pa. 126 (1846); Stark v. Lardin, 133 Pa. Super. 96, 1 A.2d 784 (1938). At issue in Baylor was whether the appurtenances that necessarily accompany the conveyance of real property conveys a greater area than that found in the grantor’s deed. Both the trial court and Superior Court held that the appurtenances necessarily conveyed with real property include all the appurtenances of the land, even those appurtenances that fall outside the four comers of the deed and are not described therein. On appeal, the Pennsylvania Supreme Court reversed and dismissed the “other circumstances” exception the lower court had relied upon and citing strong policy considerations, the Supreme Court found:
Interested parties have a right to discern from the record the state of the title of any parcel of land. If tacking were to be permitted because of vague, undefined circumstances, there could and most likely would be no way for one not a party to the conveyance to know this. But the law mandates that a person asserting a claim of adverse possession makes this assertion openly and notoriously to all the world. There must be no secret that the adverse possessor is asserting a claim to the land in question. If the adverse possessor’s claim is to be passed on to a successor in title, therefore, there must be some objective indicia of record by which it can be discerned with some degree of certainly that a claim of title by adverse possession is being made and that the duration of this claim has been passed on to a successor in title.
*111 Baylor v. Soska, 540 Pa. at 440-41, 658 A.2d at 749.
Because the deed in Baylor granting the land to the plaintiffs failed to even minimally describe the disputed parcel, or set forth the adverse possession, the right to tack the previous grantor’s possession did not transfer and the plaintiffs’ action to quiet title by adverse possession failed. Id.
In the instant case, plaintiffs argue that while the deed transferring the property from Harold Kline to Sandra Johnston itself did not describe the real property that is the subject of the adverse possession claim, the deed did provide: “Together, with all the estate, right, title, interest, property, claim and demand whatsoever, of the grantor, in law as in equity, in and to the same and every part thereof, together with and singular building and improvement, ways, waters, watercourses, right, liberties, privileges, hereditaments and appurtenances whatsoever thereto belonging, or in anywise appertaining and the reversions and remainders, rents, issues and profits thereof.” The plaintiffs contend that the words “appurtenance” and “appertaining” indicate any adverse possession claims of grantors would be a part of the deed. Thus, Johnston argues that the deed from Harold Kline to Sandra Johnston did specifically include the real property subject to the adverse possession claim.
This court finds plaintiffs’ argument is similar to the argument that the Pennsylvania Supreme court rejected in Baylor v. Soska, supra. Where the court found that the only means by which an adverse possessor may convey the title asserted by adverse possession to a successor in title is to describe in the instrument of conveyance that which is intended to be conveyed by means minimally acceptable for the conveyance of realty. Id. at 440-41, 658 A.2d at *112 749. The decision in Baylor v. Soska and the abolishment of the “other circumstances exception” in cases of adverse possession was reaffirmed by the Pennsylvania Supreme Court in the case Zeglin v. Gahagen, 571 Pa. 321, 331-33, 812 A.2d 558, 568-69 (2002).
In the instant case, as was the case in Baylor v. Soska, supra., the conveyance from plaintiffs Kline to Sandra Johnston fails to even minimally describe the disputed parcel. Johnston must necessarily concede the lack of description in asserting adverse possession as an alternative theory. The law in Pennsylvania is clear on this matter. A deed conveys rights to only those lands described in the instrument, and a deed cannot transfer any rights to lands not described therein. Id. To convey an adverse interest in property the grantor must either describe the property held adversely in the conveyance or must explicitly transfer his inchoate rights to the incomplete adverse possession claim in the deed. Id. Here, the conveyance between plaintiffs Harold Kline and Sandra Johnston makes no reference by specific description or otherwise to any other lands owned by the Klines, or to any inchoate adverse possession rights of title to the disputed land. Since the deed does not create the privity necessary for plaintiff Johnston to claim the benefit of any adverse possession of plaintiff Kline, Johnston cannot make out a claim based on adverse possession.
Lastly, defendants contend they are entitled to summary judgment as to Count I-Trespass, Count 11-Conversion, Count Ill-Ejectment and Count IV-Permanent Injunction of the plaintiffs’ original complaint because the plaintiffs have failed to produce evidence of the facts essential to the causes of action and plaintiffs have no expert or verified survey proving ownership of the land.
*113 Summary judgment may be granted only in cases where it is clear and free from doubt that there is no genuine issue as to any material fact and that the moving party is entitled to a summary judgment as a matter of law. Kafando Erie Ceramic Art Co., 764 A.2d 59, 61 (Pa. Super. 2000)(citing Rush v. Philadelphia Newspapers, Inc., 732 A.2d 648, 650-651 (Pa. Super. 1999)). A material fact, for summary judgment purposes, is one that directly affects the outcome of the case. Gerrow v. Silicones, Inc., 756 A.2d 697 (Pa. Super. 2000).
When determining whether to grant a motion for summary judgment, the court must view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Hughes v. Seven Springs Farm Inc., 563 Pa. 501, 752 A.2d 339 (2000); Dean v. Commonwealth Department of Transportation, 561 Pa. 503, 751 A.2d 1130 (2000). Summary judgment is proper only when the uncontroverted allegations in the pleadings, depositions, answers to interrogatories, admissions of record, and submitted affidavits demonstrate that no genuine issue of material fact exists, and that the moving party is entitled to judgment as a matter of law. P.J.S. v. Pennsylvania State Ethics Comm’n, 555 Pa. 149, 153, 723 A.2d 174, 175 (1999); Basile v. H&R Block, 761 A.2d 1115 (Pa. Super. 2001); Kuney v. Benjamin Franklin Clinic, 751 A.2d 662 (Pa. Super. 2000); Stevens Painton Corporation v. First State Insurance Company, 746 A.2d 649 (Pa. Super. 2000).
Only when the facts are so clear that reasonable minds cannot differ, a trial court may properly enter summary judgment. Basile, supra. If there are no genuine issues of material fact in dispute or if the non-moving party *114 has failed to state a prima facie case, summary judgment may be granted. Dudley v. USX Corporation, 414 Pa. Super. 160, 606 A.2d 916 (1992). Thus, a proper grant of summary judgment depends upon an evidentiary record that either (1) shows the material facts are undisputed or (2) contains insufficient evidence of facts to make out a prima facie cause of action or defense. Rauch v. Mike-Mayer, 783 A.2d 815 (Pa. Super. 2001). The trial court must confine its inquiry when confronted with a motion for summary judgment to questions of whether material factual disputes exist. Township of Bensalem v. Moore, 152 Pa. Cmwlth. 540, 620 A.2d 76 (1993). It is not the function of the court ruling on a motion for summary judgment to weigh evidence and to determine the truth of the matter. Keenheel v. Pennsylvania Securities Commission, 143 Pa. Cmwlth. 494, 579 A.2d 1358 (1990).
Pursuant to Pa.R.C.P. 1035.2:
After the relevant pleadings are closed, but within such time as to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law:
(1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or
(2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury.
*115 In order to maintain the cause of action in trespass, conversion, ejectment and permanent injunction the plaintiffs must prove they have the right of actual possession of the disputed property as fee simple owners with a superior title as to that of the defendants.
To prove liability for Count I-Trespass, the plaintiffs’ must show that the defendants’ intentionally intruded on land of which the plaintiffs had legal right of possession. A defendant is liable for trespass for intentional intrusions on land “if he intentionally (a) enters land in the possession of the other, or causes a thing or third person to do so, or (b) remains on the land, or (c) fails to remove from the land a thing which he is under a duty to remove. Restatement (Second) of Torts §158 (1965). Therefore, to maintain the cause of action for trespass, the plaintiffs’ must be able to prove they had legal title to the disputed property.
To maintain a cause of action in Count II-Conversion, the plaintiffs’ must prove that the defendants’ trespassed onto the plaintiffs’ property and deprived them of their right to use or possess their property and chattels. In Stevenson v. Economy Bank of Ambridge, 413 Pa. 442, 451, 197 A.2d 721, 730 (1964), the Pennsylvania Supreme Court found that a conversion is the deprivation of another’s right of property in, or use or possession of, a chattel, or interference therewith, without the owner’s consent and without lawful justification. Thus, to maintain the cause of action for conversion, the plaintiffs must first prove they held lawful title to the property which they claim the defendants deprived them of.
To support a cause of action in Count Ill-Ejectment, the plaintiffs must prove they hold a right to possess the subject property that is superior to the defendants’ own right of possession. To maintain an action in ejectment, a *116 plaintiff who does not have actual possession of a property must prove that he has the right to possess a property against a defendant. Riverwatch Condo. Owners Ass ’n v. Restoration Dev. Corp., 931 A.2d 133, 139 (Pa. Cmwlth. 2007) citing Soffer v. Beech, 487 Pa. 255, 409 A.2d 337 (1979). The plaintiff out of possession must establish a right to immediate possession of the property based on the strength of the plaintiff’s own title. The plaintiff’s prima face title is sufficient to maintain the action until the defendant can prove a better title. Doman v. Brogan, 405 Pa. Super. 254, 592 A.2d 104 (1991).
At Count IV of the complaint the plaintiffs have requested the court to issue a permanent injunction restraining the defendants and their contractees from entering the plaintiffs’ property and removing trees, limestone and other minerals. As with the previous three counts, the plaintiffs must prove they hold legal title to property from which they want the defendants permanently barred.
Defendants contend in the motion for partial summaiy judgment that the central question that must be determined is who owns legal title to the disputed tract of land. The defendants argue that they have provided ample, verifiable evidence, supported by the historical record that supports their ownership of the land. Defendants contend the record before the court undeniably demonstrates that they have proof that they hold all legal title, interest and right to the disputed land and that the plaintiffs are unable to present any authentic or credible evidence that would prove their right of title to the land.
The court finds that the pleadings relative to the original complaint and the causes of action contained therein are closed. According to the record, the matters contained in the original complaint were scheduled *117 for pre-trial conference several times but each time the conference was continued so that discovery, in the form of expert depositions, could be completed. The defendants complied and provided their expert to be deposed: the plaintiffs provided an expert report but when their expert was to be deposed on his findings and methodology he refused to testify. In the motion for partial summary judgment defendants have provided to this court an expert report prepared by David LaPearle, a licensed professional surveyor. Plaintiffs provided the court with an expert report prepared by Ross Taylor of Ross Taylor Engineering dated August 9, 2005, which stated that plaintiffs owned the disputed land. When Ross Taylor was required to testify under oath regarding the allegation of ownership, including methodology and documents used in drafting the allegation of ownership, he refused to testify. Ross Taylor also refused to testify relative to the procedures and documentary evidence used by defendants’ expert David LaPearle in preparing the defendants’ survey.
The survey presented by plaintiffs directly contradicts the findings in the survey conducted by David LaPearle from Michael Baker Inc. David LaPearle, a licensed professional surveyor, readily testified and was cross-examined on record regarding his methodology and the accuracy of this findings. The work performed in completing the defendants’ survey was readily apparent and is reflected in the record in the extensive deposition of David LaPearle, as well as the expert’s report attached to the deposition. LaPearle testified that the survey he prepared relied upon significant historical evidence and maps in reaching its’ conclusions. The plaintiffs have provided historical documentary evidence, extensive survey evidence and expert testimony evidence proving their ownership of the disputed tract.
*118 Plaintiffs contend that expert testimony alone is not sufficient to support a grant of summary judgment. “If the moving party has supported the motion with oral testimony only, the response may raise the defense that there is a genuine issue of material fact because the cause of action is dependent upon the credibility and demeanor of the witnesses who will testify at trial. See Nanty-Glo v. American Surety Co., 309 Pa. 236, 163 A. 523 (1932). Plaintiffs assert there is a genuine issue of material fact as the defendants’ are relying on the testimonial evidence of David LaPearle and therefore summary judgment is not appropriate.
The court finds that the defendants’ proof of ownership of the disputed land is not based solely on the testimony of David LaPearle. The defendants’ have also provided ample historical evidence showing the demarcation of the parties property lines as well as a verifiable survey proving their ownership of the parcel. The plaintiffs have failed to present any evidence refuting the historical evidence or the survey submitted by defendants. Likewise, the plaintiffs expert refused to testify as to the integrity of the methods used by the defendants’ expert. Since plaintiff’s expert refused to submit to examination under oath, without any objection from the plaintiffs themselves, he cannot be permitted to testify at trial. After a lengthy period of extensive discovery and production of expert reports the plaintiffs clearly cannot present evidence sufficient to meet the burden necessary to maintain causes of action in trespass, conversion, ejectment and permanent injunction, on the basis of record title, while the defendants have produced overwhelming evidence of their record title to the disputed tract of land. The plaintiffs have no means by which they can prove their ownership of the disputed tract of land by *119 way of record title. The deed description of Kline and Capots describe their lands by. reference to neighboring lands; thus, the location of the boundary by virtue of the deed requires expert testimony. Plaintiffs and additional plaintiff have not identified any such expert testimony they can produce at trial to establish their boundary by deed. As plaintiffs have failed to produce the evidence essential to establishing that the location of the disputed boundary line is as set forth in the complaint, based upon the deed description, defendants are entitled to summary judgment as a matter of law.
Defendants’ motion for partial summary judgment will be granted as to Count I-Trespass, Count II-Conversion, Count Ill-Ejectment and Count IV-Permanent Injunction of the complaint and the counts dismissed as to the extent that that the claims are based upon assertion of holding record title by deed. However, these claims are preserved to the extent that they may be proved based upon the claim of adverse possession by the Klines in proceeding on Counts V and VI which incorporate the allegations of Counts I, II, III and IV.
ORDER OF COURT
And now, this 27th day of Januaiy, 2015, after consideration of defendants’ preliminary objections to plaintiffs’ and additional plaintiff’s second amended complaint, and defendants’ motion for partial summary judgment, it is ordered, adjudged and decreed as follows:
1. Preliminary Objections I to amended complaint alternative Count V-Adverse Possession against David J. Capots and Bette J. Capots asserting lack of capacity to sue of plaintiffs Harold M. Kline and Ethel M. Kline are dismissed and overruled.
*120 2. Preliminary Objections II to amended complaint alternative Count V-Adverse Possession against David J. Capots and Bette J. Capots asserting lack of capacity to sue of additional plaintiff, Sandra J. Johnston, are granted and a demurrer is granted as to the claim of additional plaintiff, Sandra J. Johnston, on a theory of adverse possession.
3. Preliminary Objections III to amended complaints alternative Count V-Adverse Possession against David J. Capots and Bette J. Capots asserting legal insufficiency (demurrer) as to plaintiffs Harold M. Kline and Ethel M. Kline are dismissed and overruled.
4. Preliminary Objections IV to amended complaint alternative Count V-Adverse Possession against David J. Capots and Bette J. Capots, asserting legal insufficiency (demurrer) as to additional plaintiff, Sandra J. Johnston, are granted and a demurrer is granted as to the claim for adverse possession of additional plaintiff Sandra J. Johnston relative to Alternative Count V.
5. Preliminary Objections I to amended complaint alternative Count VI-Adverse Possession against Urie Byler Asserting lack of capacity to sue of plaintiffs Harold M. Kline and Ethel M. Kline are dismissed and overruled.
6. Preliminary Objections II to amended complaint alternative Count VI-Adverse Possession against Urie Byler asserting lack of capacity to sue of additional plaintiff, Sandra J. Johnston, are granted and a demurrer is granted as to the claim of additional plaintiff Sandra J. Johnston relative to Count VI of the amended complaint on the theory of adverse possession.
7. Preliminary Objections III to amended complaint alternative Count VI-Adverse Possession against Urie Byler asserting legal insufficiency (demurrer) as to *121 plaintiffs Harold M. Kline and Ethel M. Kline as to alternative Count VI are dismissed and overruled.
8.Preliminary Objections IV to amended complaint alternative Count VI-Adverse Possession against Urie Byler, asserting legal insufficiency (demurrer) as to additional plaintiff, Sandra J. Johnston, are granted and a demurrer is granted as to the claim of additional plaintiff Sandra J. Johnson on the theory of adverse possession as to Alternative Count VI.
9. Defendants’ motion for partial summary judgment is granted as to Counts I, II, III and IV of the original complaint as incorporated into the second amended complaint and said counts are dismissed and plaintiffs are precluded from proceeding on any claim or theory that the plaintiffs hold record title to the disputed premises by call of the deed into plaintiffs Kline. However, said counts having been incorporated into the second amended complaint on the Adverse Possession Counts V and VI on which the plaintiffs Kline may proceed, plaintiffs may seek the same relief as requested in Counts I, II, III and IV on a theory of adverse possession.
10. The within action is stayed pending a proper substitution in the record of a personal representative(s) relative to the interests of plaintiffs Kline whom the court has been advised are now deceased, and counsel for plaintiffs is directed to comply with Pa.R.C.P. 2352 and upon compliance therewith, leave is granted to file a third amended complaint substituting the representatives of plaintiffs Kline for additional plaintiff Johnston. The plaintiffs shall have thirty (30) days from the date that this order is docketed to accomplish the aforesaid compliance with Pa.R.C.P. 2352 and the filing of any amended complaint.

. There has been no substitution on the record of any legal representative of the deceased plaintiffs. It is axiomatic that a deceased person cannot be a party to a civil action. If this action is to proceed in regard to the Klines interest there must be compliance with Pa. R.C.P. 2352. Notice of the death of both Ethel and Howard Kline appear in defendants brief filed July 22, 2014 page 4.